UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

KURT E. PETERSON,

                            Plaintiff,

            -against-                                  1:12-cv-1857 (LEK/CFH)

PAN AM RAILWAYS, INC., *et al.*,

                            Defendants.

_____

## MEMORANDUM-DECISION and ORDER

## I.      INTRODUCTION

Plaintiff Kurt E. Peterson ("Plaintiff") commenced this action under the Federal Employers

Liability Act ("FELA"), 45 U.S.C. § 51 *et seq.*, to recover damages for personal injuries sustained

while employed by Defendants Pan Am Railways, Inc. ("Pan Am") and Springfield Terminal

Railway Company ("Springfield") (collectively, "Defendants").  Dkt. Nos. 1; 52 ("Second Amended

Complaint").  Presently before the Court is Plaintiff's Motion for summary judgment and preclusion

of Defendants' expert witness and fact witnesses pursuant to Federal Rules of Civil Procedure 16

and 37.  Dkt. Nos. 58 ("Motion for Summary Judgment"); 58-7 ("Plaintiff's Summary Judgment

Memorandum").  Defendants have filed a Response in opposition.  Dkt. Nos. 71 ("Response"); 71-

13 ("Defendants' Response Memorandum").  Defendants have also filed a Motion to continue

discovery to conduct expert depositions and a Motion for sanctions.  Dkt. Nos. 69 ("Motion to

Continue"); 69-7 ("Motion to Continue Memorandum"); 76 ("Motion for Sanctions").  Plaintiff has

moved to strike Defendants' Motion for sanctions as an unauthorized sur-reply.  Dkt. No. 77

("Motion to Strike").

## II.    BACKGROUND[1]

On or about December 18, 2009, Plaintiff was employed by Defendants as Superintendent of the Mechanical Division West.  Dkt. Nos. 58-1 ("Plaintiff's Statement of Material Facts") ¶ 3; 71-14 ("Defendants' Response Statement of Material Facts") ¶ 3.  Plaintiff's responsibilities included the repair and maintenance of railroad equipment, and supervision of employee compliance with safety rules.  Pl.'s SMF ¶ 4.

On December 17, 2009, Plaintiff was directed to complete an inventory of freight cars in various locations.  Id. ¶ 7.  On December 18, 2009, while taking inventory at Defendants' freight yard at Eagle Bridge, New York, Plaintiff slipped and fell on ice, injuring his lower back and hip. Id. ¶¶ 8-9.  There were no witnesses to the accident.  Defs.' Resp. SMF ¶ 8.  At the time of the accident, Plaintiff was not wearing "ice creepers," which are worn by employees over their boots in order to provide traction in snowy or icy conditions.  Pl.'s SMF ¶¶ 16, 19; Defs.' Resp. SMF ¶¶ 16, 19.  Ice creepers are issued to new employees at their orientations and replaced by Defendants as needed.  Pl.'s SMF ¶ 20; Defs.' Resp. SMF ¶ 20.

---

[1] Plaintiff objects to Defendants' Counterstatement of Material Facts on the grounds that it is not limited to identifying material facts that are in dispute, as allowed by the Local Rules.  Dkt. No. 73-1 ("Plaintiff's Reply Statement of Material Facts") at 1.  The Local Rules authorize a non-movant to "set forth any additional material facts that the non-movant contends are in dispute in separately numbered paragraphs," L.R. 7.1(a)(3); however, Defendants' Counterstatement sets forth numerous facts supported by citations to Plaintiff's deposition testimony.  Because these facts cannot be said to be in dispute, the Court will not consider those parts of Defendants' Counterstatement that are supported only by citations to Plaintiff's testimony.  Plaintiff also moves to strike Defendants' Response to Plaintiff's Statement of Material Facts insofar as it relies on Plaintiff's credibility to create disputed issues.  Pl.'s Reply SMF at 2.  However, while "[b]road, conclusory attacks on the credibility of a witness will not, by themselves, present questions of material fact," Island Software & Computer Serv., Inc. v. Microsoft Corp., 413 F.3d 257, 262 (2d Cir. 2005), Defendants have also produced affirmative evidence purporting to show disputed issues of fact.  Therefore, the Court will consider those portions of Defendants' Response Statement of Material Facts.

Plaintiff alleges that he was not wearing ice creepers at the time of the accident because Defendants had not provided a sufficient number for his department, and he had given his last two pairs to new employees. Pl.'s SMF ¶¶ 17-18. Plaintiff claims that he had submitted a request to Defendants on October 28, 2009, for thirty-five pairs of ice creepers and asked that the request be filled "ASAP." Id. ¶¶ 21, 22. Plaintiff also states that he notified his supervisor, Mike Walsh ("Walsh"), that he had given away his last two pairs of ice creepers. Id. ¶ 23. Defendants dispute that Plaintiff properly submitted a request for ice creepers on October 28, 2009. Defs.' Resp. SMF ¶ 18. On December 23, 2009, Plaintiff sent an email regarding the request for ice creepers, and the request was filled the same day. Id.

The day after the accident, on December 19, 2009, Plaintiff submitted an accident report by fax. Pl.'s SMF ¶ 11; Defs.' Resp. SMF ¶ 11. Plaintiff also states that he told Walsh about the accident and injury. Pl.'s SMF ¶ 13; Defs.' Resp. SMF ¶ 13. Defendants dispute that the fax was received and state that Defendants only received the report when Plaintiff mailed a copy on or about March 12, 2010. Defs.' Resp. SMF ¶ 91.

## III. DISCOVERY MOTIONS

The Court first addresses the pending Motions on discovery matters, because they are relevant to the evidence the Court may consider on Plaintiff's Motion for summary judgment. Plaintiff moves to preclude Defendants' fact witnesses on the grounds that they were not disclosed in Defendants' initial disclosures and Defendants' expert witness because Defendants' expert report was untimely served. Pl.'s SJ Mem. at 10-15. Defendants oppose Plaintiff's Motion to preclude Defendants' expert witness, and alternatively, request a continuance of discovery to allow the parties to depose each other's experts. Defs.' Resp. Mem. at 11-13; Mot. Cont. Mem.

**A. Legal Standard**

Federal Rule of Civil Procedure 26(a)(1) requires that a party provide, in an initial

disclosure, the name "of each individual . . . that the disclosing party may use to support its claims

or defenses." FED. R. CIV. P. 26(a)(1)(i). A party must also supplement its disclosures "in a timely

manner . . . if the additional or corrective information has not otherwise been made known to the

other parties during the discovery process or in writing." FED. R. CIV. P. 26(e)(1)(A).

"[I]f a party fails to . . . identify a witness as required by Rule 26(a) or (e), the party is not

allowed to use that . . . witness to supply evidence on a motion, at a hearing, or at a trial, unless the

failure was substantially justified or is harmless." FED. R. CIV. P. 37(c)(1). "'Substantial

justification' may be demonstrated where 'there is justification to a degree that could satisfy a

reasonable person that parties could differ as to whether' . . . 'there exists a genuine dispute

regarding compliance.'" Ritchie Risk-Linked Strategies Trading (Ir.), Ltd. v. Coventry First LLC,

280 F.R.D. 147, 159 (S.D.N.Y. 2012) (quoting AIG Global Asset Mgmt. Holdings Corp. v. Branch,

No. 04 Civ. 8803, 2005 WL 425494, at *1 (S.D.N.Y. Feb. 18, 2005)). Failure to disclose is

"harmless" where there is "an absence of prejudice." Id. The burden to prove either substantial

justification or harmlessness is on the party facing sanctions. Am. Stock Exch., LLC v. Mopex,

Inc., 215 F.R.D. 87, 93 (S.D.N.Y. 2002).

"'[T]he imposition of sanctions under Rule 37(c)(1) is a matter within the trial court's

discretion.'" Jockey Int'l, Inc. v. M/V "LEVERKUSEN EXPRESS", 217 F. Supp. 2d 447, 452

(S.D.N.Y. 2002) (quoting Ward v. Nat'l Geographic Soc'y, No. 99 Civ. 12385, 2002 WL 27777, at

*2 (S.D.N.Y. Jan. 11, 2002)). "Preclusion of evidence is generally a disfavored action." Am. Stock

Exch., 215 F.R.D. at 93; see also Lujan v. Cabana Mgmt., Inc., 284 F.R.D. 50, 68 (E.D.N.Y. 2012).

4

In determining whether to preclude a witness, a court must consider "(1) the party's explanation for the failure to comply with the [disclosure requirement]; (2) the importance of the testimony of the precluded witness[es]; (3) the prejudice suffered by the opposing party as a result of having to prepare to meet the new testimony; and (4) the possibility of a continuance." Patterson v. Balsamico, 440 F.3d 104, 117 (2d Cir. 2006) (quoting Softel, Inc. v. Dragon Med. & Scientific Commc'ns, Inc., 118 F.3d 955, 961 (2d Cir. 1997)).

**B. Defendants' Fact Witnesses**

Plaintiff argues that none of Defendants' fact witnesses were properly disclosed under Rule 26, and that, accordingly, these witnesses should be precluded under Rule 37. Pl.'s SJ Mem. at 10-13; Dkt. No. 73 ("Plaintiff's Reply") at 2-3. In their initial pre-trial disclosure, served on February 21, 2014, Defendants identified James F. Olson ("Olson"), VP Mechanical for Springfield Terminal Railway Company, and James C. Rae ("Rae"), Superintendent Mechanical for Springfield Terminal Railway Company, as potential witnesses Defendants may call to testify at trial. Dkt. No. 58-3 ¶ 13. The disclosure did not identify the subject matter of the witnesses' testimony. Id. On July 17, 2014, after the close of discovery, Defendants supplemented their disclosure, identifying as potential trial witnesses, "[a]ny witness deposed in this matter" and "[a]ny individual whose name appears on any documents marked as deposition exhibits or otherwise disclosed by either party during the course of litigation." Dkt. No. 58-5 at Ex. T.

*1. Initial Disclosure*

Plaintiff argues that Olson and Rae should be precluded as witnesses because Defendants did not identify the subject matter on which they are expected to testify. Pl.'s SJ Mem. at 11; Pl.'s Reply at 2-3. Rule 26(a)(1)(A) requires a party to provide, in addition to the name and address of

5

each disclosed individual, the subjects of information that the individual possesses. FED. R. CIV. P. 26(a)(1)(A). Plaintiff, however, does not cite case-law holding that a witness may be excluded for failure to disclose the subject matter of the witness's testimony; Plaintiff's citations only involve the failure to disclose a witness altogether. See Pl.'s SJ Mem. at 12 (citing, *inter alia*, Kullman v. New York, No. 07-cv-0716, 2009 WL 1562840, at *5-9 (N.D.N.Y. May 20, 2009) (precluding witness whom plaintiff did not identify in pretrial disclosure); Mehus v. Emporia State Univ., 326 F. Supp. 2d 1213, 1219 (D. Kan. 2004) (same)).

The Court finds that Defendants' failure to disclose the subject matter of Olson and Rae's testimony was harmless. Krawec v. Kiewit Constructors, Inc., No. 11 Civ. 0123, 2013 WL 1104414, at *7-8 (S.D.N.Y. Mar. 1, 2013), is on point. In that case, the plaintiff failed to provide contact information and the subject matter of a disclosed witness's testimony. Id. at *7. While noting the plaintiff's non-compliance with the discovery rules, the court found that failure to provide contact information and the subject matter of the anticipated testimony was not "tantamount to providing no disclosure" at all. Id. The court noted the defendant had nearly a year to depose the witness, but had not requested any information related to the witness and had not asked the court to intervene. Id. Nor was there any indication of bad faith on the part of the plaintiff. Id.

Here, Defendants have not generally responded to Plaintiff's Motion to preclude their fact witnesses, and thus have not offered an explanation for their failure to designate the subject matter of Olson and Rae's testimony, nor have they attempted to justify the importance of these witnesses' testimony. However, as in Krawec, the Court finds there is no prejudice to Plaintiff; Defendants timely disclosed the names of these potential witnesses. Plaintiff therefore had the opportunity to depose these potential witnesses and prepare his defense in response to their testimony.

6

## 2. Supplemental Disclosure

Plaintiff further argues that Defendants' supplemental disclosure was untimely and does not provide adequate notice of which witnesses Defendants intend to call. Pl.'s SJ Mem. at 11-12; Pl.'s Reply at 3. As explained *supra*, Defendants' supplemental disclosure indicated two groups of possible witnesses: (1) "[a]ny witness deposed in this matter" and (2) "[a]ny individual whose name appears on any documents marked as deposition exhibits or otherwise disclosed by either party during the course of litigation." Dkt. No. 58-5 at Ex. T. Defendants subsequently disclosed, in an e-mail dated July 25, 2014, a list of potential trial witnesses.[2] Dkt. No. 58-5 at Ex. U.

With respect to Defendants' notice of "[a]ny witness deposed in the matter," the Court finds that any failure to comply with the disclosure requirements was harmless. There is no prejudice to Plaintiff insofar as Defendants have only identified individuals that have been deposed as potential witnesses. Although the notice of a deposition of a witness under Rule 30(b)(1) is not equivalent to the disclosure of a trial witness, Kullman, 2009 WL 1562840, at *6, Defendants do not merely rely on the fact that these witnesses were deposed to meet the disclosure requirement. Defendants first notified Plaintiff in their supplemental disclosure that they intended to call certain deposed individuals as witnesses. Dkt. No. 58-5 at Ex. T. When Plaintiff's counsel objected to that disclosure, Defendants' counsel then provided, in an e-mail, a list of their potential trial witnesses. Dkt. No. 58-5 at Ex. U. This is sufficient to make Plaintiff aware of which deposed individuals Defendants may call as trial witnesses, and thus will not cause the "sandbagging" the disclosure

---

[2] The listed witnesses are: (1) Plaintiff; (2) James Olson; (3) James Rae; (4) Patrick Chiapputi; (5) Deborah Bourassa; (6) Ron Cooper; (7) David Ropple; and (8) David Nagy. Dkt. No. 58-5 at Ex. U. The parties have not identified for the Court which of these witnesses were deposed, although Plaintiff has filed as exhibits depositions for Ronald Cooper, Deborah Bourassa, David Ropple, and David Nagy. Dkt. No. 58-3 ("De Oliveira Affidavit") ¶¶ 23-26.

rules are intended to prevent.  Fleming v. Verizon, N.Y., Inc., No. 03 Civ. 5639, 2006 WL 2709766,

at *7 (S.D.N.Y. Sept. 22, 2006); see also Kullman, 2009 WL 1562840, at *6 ("[The disclosure]

requirement could have been met here by, for example, a simple declaration by plaintiffs that they

might call [the deposed witness] as a witness at trial either in a letter, electronic mail . . . or the

like.").  With regard to the timeliness of Defendants' supplementation, the Court finds that the fact

that the supplementation occurred after the close of discovery is harmless.  Defendants served their

supplemental disclosure only ten days after the discovery deadline had expired, De Oliveira Aff. ¶

29; this is not a case "where the disclosing party waited until the eve of trial to disclose its

witnesses," LaVigna v. State Farm Mut. Auto. Ins. Co., 736 F. Supp. 2d 504, 511 (N.D.N.Y. 2010).

The Court does find, however, that Plaintiff is prejudiced by Defendants' supplemental

disclosure of "[a]ny individual whose name appears on any documents marked as deposition

exhibits or otherwise disclosed by either party during the course of litigation."  That is, Plaintiff is

prejudiced by Defendants calling as a trial witness any individual who was mentioned in the course

of discovery, but was not deposed.  Numerous courts in the Second Circuit "have held that mere

mention of a name in a deposition or interrogatory response is insufficient to satisfy Rule

26(a)(1)(A)(i)." Lujan, 284 F.R.D. at 72 (listing cases).  Plaintiff would not have been on notice to

depose individuals who were merely mentioned in the course of discovery. See Alfano v. Nat'l

Geographical Channel, No. CV 06-3511, 2007 WL 2982757, at *1 (E.D.N.Y. Oct. 5, 2007).  The

prejudice to Plaintiff is not remedied by Defendants' e-mail disclosure of a list of the names of their

potential trial witnesses.  Because that disclosure was made after the close of discovery, Plaintiff did

not have the opportunity to depose any individuals who had not been deposed previously.

In summary, the Court finds that there is no prejudice to Plaintiff from Defendants'

8

supplemental disclosure of deposed witness.  Plaintiff is prejudiced, however, by Defendants'

disclosure of individuals mentioned in the course of discovery, but not deposed.  Defendants are

therefore precluded from calling any witness who was mentioned in the course of discovery, but not

deposed.[3]

### C.  Expert Witnesses

Plaintiff also seeks to preclude the testimony of Defendants' expert Dr. Brian M. Gordon

("Dr. Gordon") because Defendants failed to provide Dr. Gordon's expert report by the discovery

deadline set by the Court.  Pl.'s SJ Mem. at 14-15; Pl.'s Reply at 7-10.  Defendants' expert

disclosure deadline was May 23, 2014.  De Oliveira Aff. ¶ 15.  On May 23, 2014, Defendants served

Plaintiff with their expert disclosure, identifying Dr. Gordon and his anticipated trial testimony, and

providing his CV.  De Oliveira Aff. ¶ 20; Dkt. No. 71 ("Hansen Affidavit") ¶ 15; see also Dkt. No.

58-4 at Ex. L.  However, Defendants only served Dr. Gordon's expert report on July 25, 2014, as a

supplemental expert report.  De Oliveira Aff. ¶ 31; Hansen Aff. ¶ 20.

Plaintiff argues that preclusion of Dr. Gordon is appropriate because Defendants failed to

timely serve Dr. Gordon's expert report and have not demonstrated good cause for their failure to do

so.  Pl.'s SJ Mem. at 14-15 (citing Duval v. U.S. Xpress Enters., Inc., No. 03-cv-0812, 2005 WL

6021864, at *2-4 (N.D.N.Y. Oct. 13, 2005)).  Specifically, Plaintiff argues that Defendants were

obligated to serve Dr. Gordon's expert report when their expert disclosure was due, pursuant to

---

[3] As mentioned *supra* in footnote three, the parties have not identified which of the eight
potential trial witnesses listed by Defendants were deposed and which were not. See Dkt. No. 58-5
at Ex. U.

Federal Rule of Civil Procedure 26(a)(2)(B).[4]  Pl.'s Reply at 7 (citing FED. R. CIV. P. 26(a)(2)(B)).

Plaintiff further argues that Defendants' Motion to extend the deadline for expert discovery should

be denied pursuant to the "good cause" standard in Federal Rule of Civil Procedure 16,[5] Pl.'s SJ

Mem. at 14, because Defendants have not established that they were diligent in attempting to meet

their discovery deadline, Dkt. No. 74 at 2-3.

Considering the Patterson factors, the Court finds that preclusion of Dr. Gordon would not

be an appropriate sanction for Defendants' failure to timely serve Dr. Gordon's expert report.

Patterson, 440 F.3d at 117.  Defendants explain that their expert report was untimely due to delay in

receiving Plaintiff's medical records from the Railroad Retirement Board.  Hansen Aff. ¶ 11.

Defendants assert that they provided the Retirement Board with a release authorization in November

2013, but were only informed in April 2014 that the Board would not release the records.  Id.

Defendants' counsel notified Plaintiff's counsel on April 29, 2014, and on May 5, 2014, Plaintiff's

counsel provided Defendants with the records.  Id. ¶¶ 11-12.  Defendants claim that the receipt of

these records was essential to preparing their defense regarding damages.  Id. ¶ 13.  Defendants

assert that their expert report was further delayed by difficulty in finding a time to schedule a

physical examination of Plaintiff by Dr. Gordon.  Id. ¶ 17.  Defendants contacted Plaintiff's counsel

about the examination on May 21, 2014, but it was rescheduled several times at the request of both

sides and did not take place until July 2, 2014.  De Oliveira Aff. ¶ 15; Hansen Aff. ¶ 17.  Defendants

---

[4] Federal Rule of Civil Procedure 26(a)(2)(B) provides that "[u]nless otherwise stipulated or ordered by the court, [expert disclosure] must be accompanied by a written report."  FED. R. CIV. P. 26(a)(2)(B).

[5] Federal Rule of Civil Procedure 16(b)(4) provides that a scheduling order "may be modified only for good cause."  FED. R. CIV. P. 16(b)(4).

received Dr. Gordon's report on July 24, 2014, and served it on Plaintiff on July 25, 2014. Hansen Aff. ¶ 20. Defendants therefore have demonstrated that they diligently attempted to meet their deadlines.

On the second Patterson factor, the Court finds that Dr. Gordon's testimony is central to Defendants' case. See Krawec, 2013 WL 1104414, at *7. Defendants have stated that Dr. Gordon's testimony is central to their "entire defense on causation and damages." Defs.' Resp. Mem. at 12.

The Court considers the third and fourth Patterson factors together. Defendants' untimely disclosure of Dr. Gordon's expert report prejudices Plaintiff because Plaintiff was unable to depose Dr. Gordon. See Lopez v. Louro, No. 01 Civ. 2490, 2002 WL 31682398, at *3 (S.D.N.Y. Nov. 27, 2002). Defendants argue that Plaintiff chose not to depose Dr. Gordon. Defs.' Resp. Mem. at 12-13. However, Plaintiff was unable to depose Dr. Gordon until Plaintiff had received Dr. Gordon's expert report. Pl.'s Reply at 10. Despite finding prejudice to Plaintiff, the Court nonetheless finds that a continuance to allow Plaintiff to depose Dr. Gordon is possible and appropriate. Granting the continuance remedies the prejudice to Plaintiff and, as the Court has found *supra*, the other Patterson factors weigh against precluding Dr. Gordon's testimony; the testimony is critically important to Defendants' case and Defendants have shown several reasons for the delay in meeting their deadline. Defendants have shown that they diligently tried to meet their discovery deadline and therefore have established good cause to extend the discovery deadline.

However, to the extent that Defendants also seek a continuance to conduct depositions of Plaintiff's experts, the Court finds that Defendants have not demonstrated good cause. Plaintiff timely served Defendants with Plaintiff's expert disclosures and expert report on April 8, 2014. De Oliveira Aff. ¶ 19. Defendants, however, did not seek to depose Plaintiff's disclosed expert

witnesses during discovery.  Id. ¶ 21.  Defendants only served notice to depose Plaintiff's treating

physicians on July, 29, 2014, three weeks after the close of discovery.  Id. ¶ 32.  Defendants have

not offered any explanation for this delay in seeking to depose Plaintiff's experts.

Accordingly, Defendants' Motion to continue discovery is granted for the limited purpose of

allowing Plaintiff to depose Dr. Gordon.  Plaintiff shall have thirty days from the date of this

Memorandum-Decision and Order to depose Dr. Gordon.[6]

## IV.     SUMMARY JUDGMENT MOTION

Having granted Defendants' Motion to conduct further discovery, the Court must first

determine whether it is appropriate to consider Plaintiff's Motion for summary judgment, since

summary judgment should only be entered "after an adequate time for discovery."  Celotex Corp. v.

Catrett, 477 U.S. 317, 322 (1986).  Because discovery has been continued for the limited purpose of

allowing Plaintiff to depose Defendants' expert and Plaintiff is the party moving for summary

judgment, the Court will consider Plaintiff's Motion.

### A.  Legal Standard

Federal Rule of Civil Procedure 56(a) instructs a court to grant summary judgment if "there

is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of

law."  FED. R. CIV. P. 56(a).  Although "[f]actual disputes that are irrelevant or unnecessary" will

not preclude summary judgment, "summary judgment will not lie if . . . the evidence is such that a

_____

[6] Defendants have requested that the Court impose monetary sanctions on Plaintiff pursuant to Federal Rule of Civil Procedure 37(a)(4)(b) on the ground that Plaintiff's Motions to preclude were not "substantially justified."  Defs.' Resp. Mem. at 13-14; Dkt. No. 76.  In light of the discussion *supra*, the Court finds that Plaintiff was substantially justified in moving to preclude Defendants' trial witnesses.  Accordingly, Defendants' request for sanctions is denied.  Plaintiff's request to strike Defendants' sur-reply is also denied.  Dkt. No. 77.

reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); see also Taggart v. Time, Inc., 924 F.2d 43, 46 (2d Cir. 1991).

The party seeking summary judgment bears the burden of informing the court of the basis for the motion and of identifying those portions of the record that the moving party claims will demonstrate the absence of a genuine issue of material fact. Celotex, 477 U.S. at 323. If the non-moving party will bear the burden of proof on a specific issue at trial, the moving party may satisfy its own initial burden by demonstrating the absence of evidence in support of an essential element of the non-moving party's claim. Id. If the moving party carries its initial burden, then the non-moving party bears the burden of demonstrating a genuine issue of material fact. Id. This requires the non-moving party to do "more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Corp., 475 U.S. 574, 586 (1986).

If the moving party will bear the burden of proof at trial, that party must support its motion with credible evidence that would entitle it to a directed verdict if not controverted at trial. Celotex, 477 U.S. at 331 (Brennan, J., concurring). Such an affirmative showing shifts the burden of production to the party opposing the motion, and requires that party either to produce evidentiary materials that demonstrate the existence of a genuine issue for trial or to submit an affidavit requesting additional time for discovery. Id.

A court must resolve all ambiguities and draw all reasonable inferences in favor of the non-moving party. Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 150 (2000); Nora Beverages, Inc. v. Perrier Grp. of Am., Inc., 164 F.3d 736, 742 (2d Cir. 1998). A court's duty in reviewing a motion for summary judgment is "carefully limited" to finding genuine disputes of fact, "not to deciding them." Gallo v. Prudential Residential Servs., 22 F.3d 1219, 1224 (2d Cir. 1994).

13

**B. Analysis**

Under FELA, "[e]very common carrier by railroad . . . shall be liable in damages to any

person suffering injury while he is employed by such carrier . . . for such injury or death resulting in

whole or in part from the negligence of any of the officers, agents, or employees of such carrier." 45

U.S.C. § 51. FELA is a broad remedial statute, which courts have "liberally construed" in order to

further its purposes. Krause v. CSX Transp., 984 F. Supp. 2d 62, 77 (N.D.N.Y. 2013). Thus, the

Second Circuit construes FELA "as creating a relaxed standard for negligence as well as causation."

Higgins v. Consol. Rail Corp., No. 06-CV-0689, 2008 WL 5054224, at *1 (N.D.N.Y. Nov. 21,

2008) (quoting Williams v. Long Island R.R. Co., 196 F.3d 402, 406 (2d Cir. 1999)). An employer

may be liable under FELA where its "negligence played any part, even the slightest, in producing

the injury or death for which damages are sought." Krause, 984 F. Supp. 2d at 77 (quoting Rogers

v. Mo. Pac. R.R. Co., 362 U.S. 500, 506 (1957)). Nonetheless, a FELA plaintiff "must prove the

traditional common law elements of negligence: duty, breach, foreseeability, and causation."

Tufariello v. Long Island R.R. Co., 458 F.3d 80, 87 (2d Cir. 2006). A railroad may be liable under

FELA "when it knows or should know of a potential hazard in the workplace, yet fails to exercise

reasonable care to inform or protect its employees." Syverson v. Consol. R.R. Corp., 19 F.3d 824,

826 (2d Cir. 1994) (quoting Gallose v. Long Island R.R., 878 F.2d 80, 84-85 (2d Cir. 1989)).

Plaintiff argues that undisputed facts demonstrate all the elements of a FELA claim. Pl.'s SJ

Mem. at 6-9. Plaintiff states that Defendants are common carriers engaged in railroad operations

and Plaintiff was employed by Defendants at the time of the accident. Pl.'s SMF ¶¶ 1-3, 5. Plaintiff

asserts that Defendants had a duty to provide safety equipment, including ice creepers, to their

employees. Id. ¶¶ 6, 19. Plaintiff claims the record further shows that Defendants were on notice

that Plaintiff's department was short of ice creepers, yet had not provided them by the time of

Plaintiff's accident. Id. ¶¶ 16-18, 21-23, 25. At the time of his accident, Plaintiff was not wearing

ice creepers. Id. ¶ 16. Based on these facts, Plaintiff claims that no reasonable fact finder could find

that Defendants' negligence did not play a part in causing Plaintiff's injuries. Pl.'s SJ Mem. at 8.

At this time, the Court need not address all of the elements of Plaintiff's FELA claim

because there are disputed issues of material fact with regard to foreseeability that preclude entry of

summary judgment in favor of Plaintiff. Plaintiff alleges that Defendants were on notice of his

department's shortage of ice creepers because of a request he made on October 28, 2009, a month

and a half before the accident. Pl.'s SMF ¶ 21. However, Defendants dispute that the request was

ever received and allege that the purchasing department does not have a record of Plaintiff's request.

Defs.' Resp. SMF ¶ 21; Dkt. No. 71-8 at ¶ 9. While Plaintiff has produced the alleged request as an

exhibit, Dkt. No. 58-6 at Ex. BB, the request does not contain the written approval of Plaintiff's

supervisor, Walsh, which Defendants claim was necessary for the request to be processed.[7] Defs.'

Resp. SMF ¶ 21. Defendants assert that when Plaintiff had submitted other requests in the past

without the proper approval, the Store Department would contact Plaintiff to remind him that the

request could not be processed. Id. Moreover, Defendants claim that ice creepers were in stock

during November and December 2009, and that several properly submitted requests were processed

during that period. Dkt. No. 71-8 at ¶ 12.

Thus, Defendants have raised an issue of material fact as to whether they had actual or

---

[7] Plaintiff requests that the Court strike the affidavit of Defendants' affiant Ron Cooper insofar as it contradicts his previous testimony. Pl.'s Reply at 2; Pl.'s Reply SMF ¶¶ 47-49. However, the previous testimony does not unambiguously contradict the affidavit, as Plaintiff claims. Therefore, the Court will not strike the affidavit.

constructive knowledge of the shortage of ice creepers in Plaintiff's department.  See Haas v. Del. &

Hudson Ry. Co., 282 F. App'x 84, 88 (2d Cir. 2008).  Defendants' knowledge—and, thus, whether

Plaintiff's injury was foreseeable—is an essential element of Plaintiff's claim; his failure to

undisputably establish that element is fatal to Plaintiff's Motion for summary judgment.  See Albee

Tomato, Inc. v. A.B. Shalom Produce Crop., 155 F.3d 612, 618 (2d Cir. 1998) ("Where the movant

has the burden, its own submissions in support of its motion must entitle it to judgment as a matter

of law.").  Accordingly, Plaintiff's Motion for summary judgment is denied.

## V.     CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that Plaintiff's Motion (Dkt. No. 58) for summary judgment is **DENIED**; and

it is further

**ORDERED**, that Plaintiff's Motion (Dkt. No. 58) to preclude Defendants' witnesses is

**DENIED**; and it is further

**ORDERED**, that Defendants' Motion (Dkt. No. 69) to continue discovery is **GRANTED in**

**part** for the limited purpose of Plaintiff deposing Defendants' expert Dr. Brian M. Gordon and

**DENIED in part**; and it is further

**ORDERED**, that Plaintiff shall have **thirty (30) days** from the date of this Memorandum-

Decision and Order to depose Dr. Gordon; and it is further

**ORDERED**, that Defendants' Motion (Dkt. No. 76) for sanctions is **DENIED**; and it is

further

**ORDERED**, that Plaintiff's Motion (Dkt. No. 77) to strike Defendants' sur-reply is

**DENIED**; and it is further

16

**ORDERED**, that the Clerk of the Court serve a copy of this Memorandum-Decision and

Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**


DATED:      May 21, 2015
            Albany, NY

Lawrence E. Kahn
U.S. District Judge